CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKu

OCT 11 2012

JULIA C. DUDLEY, CLERK
BY: HMcDonad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON S. KARAVIAS, II,<br> Plaintiff, | Civil Action No. 7:12-cv-00326 |
| | **MEMORANDUM OPINION** |
| v. | |
| | By: Hon. Jackson L. Kiser |
| COMMONWEALTH OF<br>VIRGINIA, et al.,<br> Defendants. |    Senior United States District Judge |

  Jason S. Karavias, II, a Virginia inmate proceeding pro se, filed a civil rights Complaint and requested leave to proceed without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915(a)(2). By Order entered on August 2, 2012, the court directed plaintiff to file certified inmate trust account records for the six-month period before July 2012 within fifteen days. Plaintiff subsequently filed a Motion to Compel an Order from the Court, asking the court to order unknown prison officials at the Red Onion State Prison, Wallens Ridge State Prison, and Powhatan Correctional Center to file plaintiff's financial data on his behalf because plaintiff felt the process was too stressful and burdensome. The Magistrate Judge liberally construed the request as an extension of time to comply with the August 2, 2012, Order and granted plaintiff thirty additional days. Plaintiff "appeals" the Magistrate Judge's Order for me to review.

  A District Judge may "reconsider any pretrial matter [referred to a magistrate judge] where it has been shown that the . . . [magistrate judge's] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Plaintiff argues that making him provide the financial data causes "undue stress," and he reasons that the court is responsible for recovering the data from trust accounts officers because it is the court, not plaintiff, who wants the information. Plaintiff also believes it is unfair for the court to charge him $350 for a civil action and then make him

pay for copies and postage to recover and file the financial data. Plaintiff further filed a second Motion to Compel an Order from the Court to recover the financial data from state officials for the same reasons noted in the "appeal."

Plaintiff fails to establish that the Magistrate Judge's order was clearly erroneous or contrary to law. The Magistrate Judge's order merely granted plaintiff thirty additional days to recover the requisite financial documents. Furthermore, the statute allowing plaintiff the privilege of proceeding without prepaying the $350 fee requires a "<u>prisoner</u> . . . [to] submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915A(a)(2) (emphasis added). Thus, it is plaintiff's obligation to file the necessary financial documents, not the court, and plaintiff may pay the entire $350 filing fee when filing a complaint if he finds it too stressful or burdensome to recover financial documents from prison officials. Accordingly, plaintiff's "appeal" and Motions to Compel, which reiterate the arguments noted in the "appeal," are denied.

More than 45 days have elapsed, and plaintiff has not requested more time or complied with the August 2, 2012, Order, which warned that a failure to comply would result in dismissal of this action without prejudice.[1] Accordingly, I dismiss the action without prejudice and strike the case from the active docket of the court. Plaintiff may refile the claims in a separate action once plaintiff is prepared to pay the $350 filing fee or file the necessary documents to proceed without prepaying the filing fee.

---

[1] Plaintiff filed uncertified copies of inmate trust account statements from March, April, May, June, July, and August 2012.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 11th day of October, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge